

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **CARLA B. SPARKLER** | : | |
| **PHILADELPHIA, PA 19123** | : | **CIVIL ACTION No. 13-3969** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| **HOME INFUSION SOLUTIONS, LLC,** | : | **JURY TRIAL DEMANDED** |
| **d/b/a HOME SOLUTIONS INC.** | : | |
| **1601 New Road** | : | |
| **Suite 100** | : | |
| **Northfield, NJ 08225** | : | |
| | : | |
| **Defendant.** | : | |

**FILED**

SEP 1 0 2013

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## AMENDED COMPLAINT

### I.    INTRODUCTION

Plaintiff, Carla B. Sparkler, brings this action against her former employer,

Home Infusions Solutions, LLC, d/b/a Home Solutions, Inc. ("Defendant"). While

employed by Defendant, Plaintiff was discriminated against and ultimately

terminated by Defendant based on her disability (or record of or perception of) in

violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101,

*et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S.

§951, *et seq.* ("PHRA") and the New Jersey Law Against Discrimination, as

amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). Plaintiff was also terminated in

violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq., ("FMLA").

After Plaintiff was unlawfully terminated, Defendants failed and refused to pay

her earned compensation in violation of the Pennsylvania Wage Payment and

Collection Law, 43 P.S. 260.1 et seq. ("WPCL") and in breach of its contract with Plaintiff.   Plaintiff seeks economic, compensatory, liquidated, and punitive damages, and attorney fees, interest and costs and any other available statutory relief under federal and state law.

## II.     **PARTIES**

1.      Plaintiff, Carla B. Sparkler ("Plaintiff"), is an individual and citizen of the Commonwealth of Pennsylvania.  She resides in Philadelphia, PA.

2.      Defendant, Home Infusions Solutions, LLC, d/b/a/ Home Solutions, Inc., is a Delaware corporation with a principal place of business at 1601 New Road, Suite 100, Northfield, NJ 08225.

3.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

4.      At all times relevant, Defendant had a facility located in Horsham, Pennsylvania.

5.      At all times material hereto, Defendant employed more than twenty (20) people.

6.      At all times material hereto, Defendant employed more than fifty (50) people within a seventy five (75) mile radius of Plaintiff's workplace.

7.      At all times material hereto, Plaintiff had been employed by Defendants full time for approximately six (6) years having been hired in September, 2006.

8.      Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked out of her home office in Philadelphia, Pennsylvania.

9.      Until approximately the last three months of her employment with Defendant, Plaintiff worked exclusively out of her home office in Philadelphia, Pennsylvania.

10.     During approximately the last three (3) months of Plaintiff's employment with Defendants, Plaintiff was assigned additional temporary duties, which she performed at Defendant's principal office located in New Jersey.

11.     Plaintiff did not have an office in New Jersey during her employment with Defendant.  When she was in New Jersey during her temporary assignment, Plaintiff worked out of a conference room.

12.     During her temporary assignment, Plaintiff also continued to perform work out of her home office in Philadelphia, Pennsylvania.

13.     Plaintiff was employed for at least twelve hundred and fifty (1,250) hours of service during each twelve (12) month period.

14.     At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

15.     At all times material hereto, Defendant acted as an employer within the meanings of the statutes which form the basis of this matter.

16.     At all times material hereto, Plaintiff was an employee of Defendant within the meanings of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

17.     The causes of action which form the basis of this matter arise under the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.*

3

("ADA"); the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"); the

Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), the

New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.*

("NJLAD),  the Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 et seq.

("WPCL"), and common law breach of contract and unjust enrichment.

18.     The District Court has jurisdiction over Count I (ADA) under 28 U.S.C.

§1331 and 42 U.S.C. §12117.

19.     The District Court has jurisdiction over Count II (FMLA) under 28 U.S.C.

§1331 and 29 U.S.C. §2617(a)(2).

20.     The District Court has supplemental jurisdiction over Count III (PHRA), ,

Count IV (WPCL), Count V (NJLAD), and Count VI (breach of contract) under 28

U.S.C. §1367.

21.     The District Court has jurisdiction over all Counts pursuant to 28 U.S.C.

§1332 because the amount in controversy in the present action exceeds the sum or

value of seventy-five thousand dollars ($75,000), exclusive of interest and costs, and

there exists complete diversity of citizenship, as Plaintiff is a citizen of the

Commonwealth of Pennsylvania and Defendant is incorporated in the state of

Delaware and has its principal place of business in the State of New Jersey.

22.     Venue is proper in the District Court under 28 U.S.C. §1391(b), 42 U.S.C.

§12117(a) and 42 U.S.C. §2617(a) (2).

23.     On or about April 17, 2012, Plaintiff filed a Charge of Discrimination with

the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of

discrimination alleged herein.  This Charge was cross-filed with the Pennsylvania

4

Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination.

24. On or about May 22, 2013, the EEOC issued Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice.

25. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. **FACTUAL ALLEGATIONS**

26. Plaintiff was hired by Defendant in or about, September, 2006 as Vice President of Managed Care, pursuant to an employment contract entered into between Plaintiff and Defendant dated September 14, 2006.

27. From the time of her hire until her employment was abruptly terminated by Defendant on January 5, 2012, Plaintiff held the position of Vice President of Managed Care.

28. Plaintiff reported directly to Todd Timbrook, Chief Executive Officer and owner of Defendant, until approximately September, 2011.

29. In or around August, 2011, Plaintiff began reporting directly to Paul Sorensen, Chief Financial Officer, with a dotted line reporting relationship to Mr. Timbrook.

30. Starting in or around September, 2011, in addition to her duties as Vice President of Managed Care, Plaintiff was assigned to assist the Billing Department with its collection, authorization and billing processes.

5

31.     At all times material hereto, Plaintiff performed her work in a highly competent manner.  She consistently received positive annual performance evaluations and met or exceeded her targets.  On her latest performance evaluation, which she received in or about October, 2011, Plaintiff received the highest rating possible in several categories.

32.     On or about December 16, 2011, Plaintiff advised her supervisor, Mr. Sorensen, that she needed to take off from work the week between Christmas and New Year.

33.     Plaintiff advised Mr. Sorensen that she would not have access to her phone or email during her absence.

34.     On or about December 25, 2011, Plaintiff checked herself into an in-patient facility that treats individuals who suffer from alcoholism and substance addiction.

35.     Plaintiff made several attempts between December 25, 2011 and January 3, 2012 to contact Mr. Sorensen and Defendant's Director of HR, Desiree Palumbo.

36.     On January 3, 2012, Plaintiff and her clinical supervisor at the facility spoke to Ms. Palumbo, and requested FMLA leave.  They informed Ms. Palumbo that the reason was because Plaintiff had been admitted to the aforestated  in-patient facility for treatment.

37.     Ms. Palumbo told Plaintiff that she qualified for FMLA leave, and instructed the facility to fax a note verifying Plaintiff's treatment.   Ms. Palumbo promised to send Plaintiff the FMLA paperwork.

38.    On or about January 4, 2012, the facility faxed Ms. Palumbo the information she had requested concerning Plaintiff's treatment.

39.    On or about the same day, January 4, 2012, Plaintiff called Mr. Sorensen and informed him of her medical condition, treatment and expected length of absence.

40.    The very next day, January 5, 2012, Plaintiff was told that her employment was terminated, effective immediately.

41.    Plaintiff was told that the reason for her termination was her alleged failure to perform her duties in connection with the negotiations concerning a certain provider contract amendment, which contract amendment Defendants had been aware of for months and knew Plaintiff was still in the process of negotiating.

42.    Defendant's stated reason for terminating Plaintiff was pretextual.

43.    Defendants violated their own progressive discipline policy by terminating Plaintiff without any prior warning.

44.    Defendants failed to provide a legitimate, non-discriminatory reason for Plaintiff's termination.

45.    At all times material hereto, Plaintiff was disabled within the meaning of the ADA and the PHRA.

46.    At all times material hereto, Plaintiff had a record of a disability within the meaning of the ADA and the PHRA.

47.    At all times material hereto, Plaintiff was regarded as disabled within the meaning of the ADA and the PHRA.

48.    At all times material hereto, Plaintiff was able to perform the material functions of her job with or without a reasonable accommodation.

49.     Defendant interfered with Plaintiff's rights to take FMLA leave.

50.     Defendant failed to restore Plaintiff to her position that she held at the commencement of her FMLA leave or an equivalent position with equivalent terms and conditions of employment upon return to work after the completion of her FMLA leave.

51.     Plaintiff was terminated in retaliation for having exercised her right to take protected FMLA leave.

52.     Plaintiff's disability, including her record of disability and/or Defendants regarding her as having a disability was a motivating and determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including the termination of her employment.

53.     Plaintiff's use of protected leave under the FMLA was a determinative and/or motivating factor in Defendant's discriminatory treatment of Plaintiff, including the termination of her employment.

54.     As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

55.     The conduct of Defendants, as set forth above, was willful and outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

8

56.     Throughout Plaintiff's employment with Defendant, Plaintiff's annual compensation included base pay plus benefits, including but not limited to commission/bonus and an executive compensation plan.

57.     The commission/bonus structure was set forth in the parties Employment Agreement dated September, 2006.

58.     The same commission/bonus structure was continued from year to year after December 31, 2007 by mutual agreement of the parties and through their common course of dealing.

59.     Plaintiff's annual commission/bonus was earned based upon Plaintiff's Total Net Revenue of all of her specified Key Payors having exceeding the Total Base Net Revenue Target for all of her specified Key Payors by the close of business on the last day of the calendar year.

60.     Plaintiff's commission/bonus structure was based upon revenues generated by Defendant's locations in New Jersey and Pennsylvania.

61.     For purposes of the commission/bonus structure, Total Net Revenue was defined as revenue reported on Defendant's year-end financial statements.

62.     Earned commissions/bonus were required to be paid within forty-five (45) days following the last day of the calendar year.

63.     For calendar year 2011, Plaintiff's Total Net Revenue of all of her specified Key Payors exceeded the Total Base Net Revenue Target for all of her specified Key Payors by the close of business on December 31, 2011.

64.     Plaintiff earned commission/bonus for calendar year 2011, which Defendant has failed and refused to pay her.

9

65.     Defendant's failure and refusal to pay Plaintiff her 2011 earned commission is in breach of its contractual obligation to Plaintiff and in willful violation of the Pennsylvania Wage Payment and Collection Law.

## COUNT I - ADA

66.     Plaintiff incorporates herein by reference paragraphs 1 through 65 above, as if set forth herein in their entirety.

67.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADA.

68.     Defendants acted intentionally and with malice and/or reckless indifference toward the federally protected rights of Plaintiff and that conduct warrants the imposition of punitive damages.

69.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has sustained the injuries; damages and losses set forth herein and has incurred attorney fees and costs.

70.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

## COUNT II - FMLA

71.     Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in their entirety.

72.     By committing the foregoing acts against Plaintiff, Defendants violated the FMLA.

73.     Said violations were not in good faith and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA, and warrant the imposition of liquidated damages.

74.     As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney fees and costs.

75.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory and unlawful acts unless and until this Court grants the relief requested herein.

### COUNT III - PHRA

76.     Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in their entirety.

77.     By committing the foregoing acts against Plaintiff, Defendants violated the PHRA.

78.     As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorney fees and costs.

79.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

### COUNT IV- WPCL

80.     Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in their entirety.

81.     At all material times herein, Plaintiff was an "employee" of Defendant under the WPCL.

82.     Defendant violated the WPCL by failing and refusing to pay Plaintiff her 2011 commission/bonus that she earned as of December 31, 2011.

83.     Because there is no good faith dispute that the sums owed to Plaintiff are due and owing, under Section 260.10 of the WPCL, Plaintiff is entitled to recover liquidated damages against Defendant in an amount equal to twenty-five percent (25%) of the sum owed to her since the sum owed is greater than $500.

84.     Under Section 260.9a(f) of the WPCL, if Plaintiff is successful in obtaining a judgment against Defendant, this Court is required to award Plaintiff her costs and reasonable attorneys' fees incurred in litigating this action.

## COUNT V- NJLAD

85.     Plaintiff incorporates herein by reference each of the preceding paragraphs as though set forth in their entirety.

86.     By committing the foregoing acts against Plaintiff, Defendant has violated the NJLAD.

87.     There was participation by upper management in connection with the discrimination to which Plaintiff was subjected.

88.     Said violations were intentional and willful and warrant the imposition of punitive damages under the NJLAD.

89.     As a direct and proximate result of Defendant's violations of the NJLAD, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorney fees and costs.

90.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

## COUNT VI- BREACH OF CONTRACT

91.     Plaintiff incorporates by reference the above paragraphs as set forth in their entirety.

92.     A contract existed between the parties under which Plaintiff was entitled to payment of a commission/bonus each year based upon achieving a certain revenue target for the year.

93.     Plaintiff earned her full commission/bonus for 2011 under the terms of the contract.

94.     Defendant, by the acts set forth herein, failed and refused to pay Plaintiff her earned 2011 commission/bonus, in breach of its contract with Plaintiff.

95.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has sustained the injuries, damages and losses set forth herein.

96.     Plaintiff is now suffering and will continue to suffer monetary damages as a result of Defendant' s breach of this contract unless and until the Court grants the relief requested herein.

## RELIEF

**WHEREFORE**, Plaintiff, Carla B. Sparkler, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, Home Infusions Solutions, LLC, d/b/a/ Home Solutions, Inc.:

a.  declaring the acts and practices complained of herein to be in violation of the FMLA;

b.  declaring the acts and practices complained of herein to be in violation of the ADA;

c.  declaring the acts and practices complained of herein to be in violation of the PHRA;

d.  declaring the acts and practices complained of herein to be in violation of the WPCL;

e.  declaring the acts and practices complained of herein to be in violation of the NJLAD;

f.  declaring the acts and practices complained of herein to be in violation of common law.

g.  enjoining and restraining permanently the violations alleged herein;

h.  awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and unlawful misconduct;

i.  awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering;

j.  awarding punitive damages to Plaintiff under the ADA;

k.  awarding liquidated damages to Plaintiff under the WPCL;

l.   awarding Plaintiff costs of this action, together with reasonable

attorney's fees;

m.   awarding Plaintiff such other damages as are appropriate under the

ADA, FMLA, PHRA, NJLAD, WPCL and common law and:

n.   granting such other and further relief as this Court deems appropriate.

**CONSOLE LAW OFFICES LLC**

Date: September 10, 2013                    By:

STEPHEN G. CONSOLE
MARJORY P. ALBEE
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 545-8211 (facsimile)


Counsel for Plaintiff, Carla B. Sparkler

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | FEPA<br>x EEOC | 530-2012-02256 |

STATE OR LOCAL AGENCY: __PHRC__

| NAME (Indicate Mr., Ms., Mrs.)<br>Carla B. Sparkler | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Philadelphia, PA 19106 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Home Infusions Solutions, LLC<br>d/b/a Home Solutions Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>Approx. 400 | TELEPHONE (Include Area Code)<br>609.484.6262 |
|---|---|---|

| STREET ADDRESS<br>1601 New Road, Suite 100 | CITY, STATE AND ZIP<br>Northfield, NJ 08225 | COUNTY<br>Atlantic |
|---|---|---|

Charging Party also worked out of her home office, the address of which is above.

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Race   Color   Sex   Religion   National Origin<br>Retaliation   Age   XX Disability   Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*          *Latest:* 1/5/2012<br><br>Continuing Violation |
|---|---|

THE PARTICULARS ARE:

A.   1. Relevant Work History

I was hired by Respondent in 2006 as Vice President of Managed Care. Until August of 2011, I reported to Todd Timbrook, Chief Executive Officer and Owner of Respondent. Commencing in August 2011 and until my termination, I reported to Paul Sorensen, Chief Financial Officer. I also had a dotted line reporting relationship to Mr. Timbrook.

Throughout my over five years of employment with Respondent, I was a loyal, dedicated and hard-working employee. By way of example only, in September 2011, Respondent asked me to assume additional responsibilities and assist Respondent's billing and reimbursement department in its collection, authorization, and billing process in order to achieve its goals. I assumed these extra responsibilities and successfully completed this assignment. In my yearly performance reviews I consistently received positive evaluations. Every year I worked for Respondent, I reached or exceeded my bonus targets. In my October 2011 performance review, I received "above average" in numerous categories. I received performance compensation bonuses. In addition, I received executive compensation bonuses.

| XI want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or penalty that the foregoing is true and correct.<br><br>x 4/16/12<br>Date:          Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination**
**Page 2 of 3**
**Carla B. Sparkler v. Home Infusions Solutions, LLC.**

2.   Harm Summary

I believe that Respondent discriminated against me based on my "disability."
Evidence of discriminatory conduct includes, but is not limited to, the following:

a) On or about December 15, 2011, I experienced an episode related to my
   "disability" which necessitated me taking time off from work. As I had more
   than twenty (20) unused vacation days, I informed Mr. Sorensen that I
   needed to take the week off between the Christmas and New Year holidays.

b) Although I had hoped to be able to return to work on January 3, 2012, I
   needed more treatment for my "disability." On January 3, 2012, I called
   Desirree Palumbo, Director of Human Resources of Respondent, explained
   my "disability," and explained my need for more time off due to my "disability."
   I asked if I could speak to Mr. Sorensen but Ms. Palumbo informed me that
   he was not in and that she would explain the situation to him via email.

c) Later that day, my Clinical Supervisor and I called Ms. Palumbo again. My
   Clinical Supervisor explained my "disability," why I needed more treatment,
   and we informed Ms. Palumbo that I was requesting time off under the Family
   and Medical Leave Act ("FMLA") due to my "disability."

d) Ms. Palumbo acknowledged that my "disability" qualified for FMLA leave and
   asked me to fax a letter verifying my treatment. Ms. Palumbo told me that she
   would fax me the FMLA paperwork to be completed. As requested, I sent the
   appropriate letter via fax to Ms. Palumbo verifying my treatment.

e) I did not receive the FMLA paperwork from Ms. Palumbo.

f) On January 4, 2012, I called Respondent and spoke to Mr. Sorensen. I
   informed him of my "disability," where I was in treatment, and the approximate
   length of treatment.

g) On January 5, 2012, I had yet to receive the FMLA paperwork as promised by
   Ms. Palumbo. A counselor working with me in the context of my "disability"
   and I called Ms. Palumbo and inquired about the status of the paperwork. Ms.
   Palumbo blindsided me when, in response to my inquiry, she informed me
   that Respondent was terminating me, effective immediately.

h) After Ms. Palumbo told me that I was terminated, I reminded her that I had
   invoked my FMLA rights due to my "disability" two days earlier. Ms. Palumbo
   acknowledged this, but told me that Respondent had made the decision to
   terminate me before I requested FMLA leave.

**EEOC Charge of Discrimination**
**Page 3 of 3**
**Carla B. Sparkler v. Home Infusions Solutions, LLC.**

B.          1.          Respondent's Stated Reasons

          a) Respondent's alleged reason for terminating me was due to my "mishandling" a specific client's contract.

          b) Respondent has not offered any further explanation of its reason for terminating me; and

          c) Respondent's stated reason for my termination is pretextual, as Respondent was well aware of both my ongoing negotiations with this specific client and the fact that I was working toward an acceptable resolution with the client.

C.          1.          Statutes and Basis for Allegations

        I believe that Respondent has discriminated against me based on my "disability," in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.*, ("ADA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

# EXHIBIT 2

EEOC Form 161-B (10/96)

## U.S. Equal Employment Opportunity Commission

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Carla Sparkler

Philadelphia, PA 19106

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, PH Suite 1300
Philadelphia, PA 19107-3127

[      ]   *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2012-02256 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[   X   ]   More than 180 days have passed since the filing of this charge.

[       ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[   X   ]   The EEOC is terminating its processing of this charge.

[       ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[       ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[       ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr. District Director

5/22/13

*(Date Mailed)*

Enclosure(s)

cc:   HOME INFUSION SOLUTIONS
Anna Oppenheim, Esq. (for Charging Party)
Amy J. Traub, Esquire (for Respondent)